**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

                                        Plaintiff,

        v.

CARRY-ON TRAILER; FLEET FARM,                    No. 1:25-CV-1731
                                                 (AMN/PJE)

                            Defendants.

---

**APPEARANCES:**

Valerie Flores
P.O. Box 1110 ACP 5749
Albany, New York 12201
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

The Clerk has sent the undersigned a complaint filed by pro se plaintiff Valerie Flores ("Plaintiff") for review. Dkt. No. 1 ("Compl."). Plaintiff has not paid the filing fee and seeks leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that she financially qualifies to proceed IFP.[2] Plaintiff generally alleges that defendants sold her a cargo trailer that was defective. *See generally* Compl. For the reasons set forth below, it is

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

[2] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

recommended that plaintiff's complaint be dismissed without prejudice and without leave to amend.

## I. **Initial Review**

### A. **Legal Standards**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3] "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

---

[3] These requirements apply equally to non-prisoner pro se litigants. *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[4] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[5]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being

---

[4] Hereafter, "Fed. R. Civ. P."
[5] All unpublished cases cited in this Report-Recommendation and Order, have been provided to plaintiff. The undersigned does not provide a copy of *Katsner v. Tri State Eye*, as she has already been recently provided with a copy of that case in association with at least one of her other cases before this Court.

3

asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . .  and . . . a demand for the relief sought . . . ."  FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. 8(d).

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.  *See Uzoefune v. Am. Auto Shield, LLC,* No. 18CV03441, 2018 WL 5624149, at *2 (E.D.N.Y. Oct. 30, 2018)(citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000)).

## II. Discussion

### A. **Complaint**[6]

Affording plaintiff special solicitude, she alleges that defendants Carry-On Trailer,[7] a citizen of Georgia,[8] and Fleet Farm, incorporated under the laws of the State of

---

[6] Plaintiff included four pages of an e-mail exchange with defendant Carry-On Trailer and a copy of a Participant Identification Card with her complaint.  *See* Dkt. Nos. 1-1.  These attachments have also been reviewed in connection with the initial review of plaintiff's complaint.  *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

[7] Plaintiff has referred to this defendant as both Carry On Trailer and Carry On Trailers.  For consistency, the undersigned will refer to this defendant as Carry-On Trailer, the spelling plaintiff used in the caption of her complaint and exhibited in the e-mails attached to the complaint.  *See generally* Dkt. No. 1.

[8] On her fillable form complaint, plaintiff identified Carry-On Trailer as a "citizen" of the State of Georgia. *See* Compl. at 2.  In light of special solicitude, and due to the nature of the form complaint, the undersigned assumes plaintiff intends to allege that Carry-On Trailer is incorporated under the laws of the State of Georgia or has its principal place of business in Georgia.

4

Wisconsin, sold her a "defective," "faulty" cargo trailer that was "overpriced." Compl. at 3. Her complaint alleges diversity of citizenship as a basis for federal court jurisdiction. *See id.* at 3. Although plaintiff does not check the box indicating the case involves a federal question, she includes the following statement in the place on the form provided to list specifics of the federal statutes, treaties, and/or provisions of the United States Constitution that are at issue in the case:

> Consumer Law issue – I got a flat tire with the trailer when I had not even put 1,000 miles on the trailer. I felt I was sold a defective, faulty cargo trailer that was overpriced. I could go to Missouri or other States near the Midwest and pay half the price for the trailer.

*See id*. at 3.

Regarding the requirement to plead diversity of citizenship, plaintiff alleges that she is a citizen of New York, defendant Carry-On Trailer is headquartered or has its principal place of business in Georgia, and Fleet Farm is incorporated under the laws of Wisconsin. *See generally* Compl. In the relief section of the complaint, plaintiff seeks reimbursement for a $300.00 towing fee, six to eight trailer tires, a trailer lock, a $400.00 repair fee, and "the trailer bill of sale difference," which is the $7000.00 cost of the trailer minus $1,700.00 for which that plaintiff sold the trailer. *See* Compl. at 4, 5.

## B. **Analysis**

### 1. **Subject Matter Jurisdiction**

42 U.S.C. § 1332 provides that district courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 *and* is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Under § 1332, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Koso v. Haegele*, No. 18CV04400, 2018 WL 6531496, at *2 (E.D.N.Y. Dec. 11, 2018), quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

A plaintiff's failure to plead facts that demonstrate a district court's jurisdiction warrants dismissal of the action. *See* FED. R .CIV. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative [.]"); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (holding courts have an independent obligation to examine their jurisdiction); *Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir.1983) (noting that courts must dismiss cases sua sponte for lack of subject matter jurisdiction).

First, reliance on Section 1332, diversity of citizenship jurisdiction, fails. Plaintiff has provided that defendant Carry-On Trailer is incorporated under the Laws of Wisconsin with its principal place of business in Wisconsin. *See* Compl. at 4. She has further alleged that Carry-On Trailer is incorporated under the laws of Georgia and/or has its principal place of business in Georgia . *See id.* She provides that she is domiciled in New York. See Compl. at 1. Although plaintiff has established diversity of citizenship, she has failed to establish diversity jurisdiction because the complaint makes clear that the amount in controversy is well below the $75,000 threshold required for such jurisdiction. As indicated, plaintiff request for relief amounts to reimbursement

for a $300.00 towing fee, six-to-eight tires, a trailer lock, a $400.00 repair fee, and "the trailer bill of sale difference," alleged to be $5,300.00.  *See* Compl.  Although plaintiff did not provide the cost of the tires and lock, it is without any reasonable doubt that such amount for these items would not reasonably rise to the required amount in controversy. Plaintiff does not allege any other damages.  In all, it is clear from the face of the complaint that the amount in controversy falls far short of the $75,000.00 threshold. *See Deswert v. Travelers Commerical Ins. Co.*, No. 6:24-CV-00278 (AMN/TWD), 2025 WL 416765, at *4 (N.D.N.Y. Feb. 6, 2025) (citing *GW Holdings Grp. LLC v. U.S. Highland*, Inc., 794 F. App'x 49, 51 (2d Cir. 2019) (holding that "there is legal certainty" that the amount in controversy does not meet the threshold of $75,000).[9]  Thus, plaintiff cannot establish diversity jurisdiction.

Plaintiff also failed to allege any federal question.  Even a liberal reading of her "Consumer Law issue" does not suffice.  *See* Compl.  at 3. Indeed, her allegations that she "felt" she was sold a defective, faulty, or overpriced cargo trailer, does not suffice; indeed, at most, this is a state-law contract dispute.  *See, e.g.*, N.Y. U.C.C. § 2-314(1). Thus, plaintiff's complaint fails to establish this Court has federal question jurisdiction.

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gerken v. Gordon*, 1:24-CV-435 (MAD/CFH) 2024 WL 4608307, at *15 (N.D.N.Y. Oct. 29, 2024) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an

---

[9] The undersigned does not provide a copy of this case as it just provided a copy with another of plaintiff's recent cases. *See* 1:25-cv-01730-AMN-PJE, *Flores v. Liberty Mutual Insurance, et al*.

'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Id.* (citing *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

In sum, plaintiff has failed to demonstrate that this Court has subject matter jurisdiction, and the undersigned has no plausible basis to conclude that plaintiff would be able to establish this Court's jurisdiction through amendment. Accordingly, it is recommended that the complaint be dismissed without prejudice and without opportunity to amend.

## 2. **Venue**

Venue also appears improper in this District. Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b), which provides,

> [a] civil action may be brought in—
> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff alleges to be a citizen of New York State and provides that the defendants, corporations, are incorporated and have principal places of business outside of New York State, in Georgia and Wisconsin. *See* Compl. at 3-4. Other than plaintiff's citizenship, this action has no connection to the Northern District of New York. Although plaintiff has not indicated where she purchased the trailer, the complaint suggests that she purchased a Carry-On Trailer brand trailer at a Fleet Farm store. *See*

*generally* Compl.  The Fleet Farm website has revealed that there are no Fleet Farm stores in New York State, let alone the Northern District of New York.   Thus, beyond plaintiff's domicile, this case has no connection to this District.  That this District was plaintiff's choice of forum and her apparent domicile does not suffice to establish that this District is the proper venue where the incidents in question occurred outside of this District and all defendants are "citizens" of different districts.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979) ("[I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff.").

The reason the undersigned does not seek to transfer for improper venue is because plaintiff did not provide enough information in the Complaint for the Court to determine which District would be the most appropriate transferee court (and this information is also not provided in the Motion to Dismiss, *see* dkt. no. 6).  An internet search reflects what plaintiff's complaint also provides – that Fleet Farm is headquartered in Appleton, Wisconsin and Carry-On Trailer is headquartered in Levonia, Georgia.[10]  It is unclear where the sale of the trailer involved in the complaint occurred.[11]

When venue is not proper, the district court shall "dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).   As plaintiff has not provided sufficient information about where the events underlying the complaint occurred – such as where she

---

[10] "Under Section 1391(c), a 'natural person' resides in the district where the person is domiciled, and an 'entity with the capacity to sue and be sued' resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *Roderick v. Joel*, No. 25-CV-5446 (LLS), 2026 WL 90041, at *4 (S.D.N.Y. Jan. 13, 2026) (quoting 28 U.S.C. § 1391(c)(1), (2)).

[11]  The e-mail exchange is from a customer service supervisor with an address in Lavonia, Georgia. However, there is no indication that the address is associated with the specific location where plaintiff purchased the trailer, or that it instead came from a general customer service address.  *See* Dkt. No. 1-1.

purchased the trailer – the undersigned cannot determine where venue would be most proper.[12] As the undersigned cannot ascertain which federal district court would be the proper venue over the plaintiff's claims, and because no federal district court would have subject matter jurisdiction, a transfer would not be in the interests of justice. *See generally Razzoli v. USDA*, No. 22CV7204AMDLB, 2022 WL 17852024, at *4 (E.D.N.Y. Dec. 22, 2022).[13] Thus, the undersigned is recommending dismissal, as indicated above, for lack of subject matter jurisdiction.

### 3. Motion to Dismiss

The undersigned observes that on January 21, 2026, defendant Carry-On Trailer prematurely filed a Motion to Dismiss for lack of subject matter jurisdiction, to which plaintiff opposed. *See* Dkt. Nos. 6, 11. As the undersigned recommends dismissal of this action without prejudice and without opportunity to amend, it is further recommended that the motion to dismiss be dismissed as moot. *See* Dkt. No. 6.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby:

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is further

---

[12] Similarly, the undersigned determines that the best use of judicial resources is a not a dismissal with leave to amend so that plaintiff could provide more facts such that the Court could determine the appropriate venue for transfer. This is because the lack of subject matter jurisdiction is clear and cannot be cured, nor could any amendment plausibly establish that venue is proper in this District.

[13] The undersigned notes that plaintiff has repeatedly commenced actions in this Court, despite it not being the proper venue. Indeed, due in part to this issue, on February 4, 2026, this Court implemented a prefiling injunction stating that plaintiff may not commence any new actions in this District without proper permission of the chief judge, as well as a revocation of her MFT privileges. *See* 1:26-pf-0001 (BKS*I, In re Valerie Flores*. As this action was commenced before the entry of that prefiling injunction, it does not apply to this case.

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and without opportunity to amend** for lack of subject matter jurisdiction; and it is further

**RECOMMENDED**, that defendant Carry-On Trailer's Motion to Dismiss (Dkt. No. 6) be **DISMISSED AS MOOT**[14]; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on all parties who have appeared in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[15]

Date:   April 30, 2026
        Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[14]   The undersigned observes that plaintiff never filed proof of service on this Court's docket.  Further, because this Court was required, due to plaintiff's in forma pauperis application, to perform an initial review of the complaint prior to service and that service only were to proceed if the Court determined that service of the complaint is permitted, the Motion to Dismiss is premature.  *See* 28 U.S.C. § 1915.

[15] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).