**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

          Plaintiff,

        v.                                       1:25-cv-01731 (AMN/PJE)

CARRY ON TRAILER, FLEET FARM,

          Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

**VALERIE FLORES**
P.O. Box 1110 ACP 5749
Albany, NY 12201
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

On December 10, 2025, plaintiff *pro se* Valerie Flores ("Plaintiff") commenced this action against defendants Carry-On Trailer and Fleet Farm ("Defendants"), alleging harm arising from a defective cargo trailer. *See* Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. On January 21, 2026, Defendant Carry-On Trailer filed a motion to dismiss this matter. Dkt. No. 6.

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who granted Plaintiff's request to proceed IFP and reviewed the Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 12 at 1 ("Report-Recommendation"). [1] On April 30, 2026, Magistrate Judge

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Evangelista recommended that this Court dismiss the Complaint without leave to amend for lack of subject matter jurisdiction. *Id.* at 5-8. Magistrate Judge Evangelista also accordingly recommended that Defendant Carry-On Trailer's motion be dismissed as moot. *Id.* at 10. Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Evangelista advised that the parties had fourteen days within which to file written objections and that failure object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 11. No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista recommended that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. *See* Dkt. No. 12 at 5-8. A federal court has jurisdiction over a matter only when it presents a "federal question," 28 U.S.C. § 1331, or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. *See Perpetual Sec.*, *Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). As to federal question jurisdiction, Magistrate Judge Evangelista found that Plaintiff had not raised any federal question. *Id*. at 7. Even liberally construed, Plaintiff's claim under "Consumer Law" at most invoked a state-law contract dispute. *Id.* (citing N.Y. U.C.C. § 2-314(1)). And, as to diversity jurisdiction, Magistrate Judge Evangelista found that while the Complaint adequately alleged complete diversity of citizenship between Plaintiff and Defendants, Plaintiff's requested relief—for damages amounting

3

to a "\$300.00 towing fee, six-to-eight tires, a trailer lock, a \$400.00 repair fee, and 'the trailer bill of sale difference,' alleged to be \$5,300.00"—fell well short the \$75,000 amount-in-controversy threshold. Dkt. No. 12 at 6-7 (citing Dkt. No. 1 at 4).

Magistrate Judge Evangelista also recommended that the Court dismiss the Complaint without leave to amend. *Id.* at 7-8. Although a *pro se* plaintiff is generally afforded at least one opportunity to amend where there is any indication that he or she might state a viable claim, the opportunity to replead should be denied where the problems with the complaint are "substantive rather than the result of an inadequately or inartfully pleaded complaint." *Gerken v. Gordon*, 1:24-CV-435, 2024 WL 4608307, at \*15 (N.D.N.Y. Oct. 29, 2024) (citations and internal quotation marks omitted). Here, Magistrate Judge Evangelista found that, liberally construed, the Complaint demonstrated "no plausible basis to conclude that [P]laintiff would be able to establish this Court's jurisdiction through amendment." Dkt. No. 12 at 8. Therefore, Magistrate Judge Evangelista concluded that the opportunity to replead should be denied.

Finally, Magistrate Judge Evangelista noted that the Northern District of New York is not the proper venue for Plaintiff's claim because the events alleged in the Complaint lack any connection to the district outside of Plaintiff's own domicile. *Id.* at 8-10. And because Magistrate Judge Evangelista recommended dismissing the Complaint for lack for subject matter jurisdiction without leave to amend, he also recommended that the Court dismiss Defendant Carry-On Trailer's premature motion to dismiss as moot. *Id.* at 10.

After reviewing the Report-Recommendation and considering Magistrate Judge Evangelista's findings, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

IV.    **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 12, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that Defendant Carry-On Trailer's motion to dismiss, Dkt. No. 6, be **DISMISSED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 22, 2026
 Albany, New York

Anne M. Nardacci
U.S. District Judge

5